UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO JOSE ZAMBRANO
DRAYER,

        Petitioner,

        v.

Case No. 2:26-cv-1250-KCD-NPM

SECRETARY MARKWAYNE
MULLIN, ACTING DIRECTOR
TODD M. LYONS, TODD
BLANCHE, WARDEN GLADES
COUNTY DETENTION CENTER,

        Respondents.

                               /

## **ORDER**

Antonio Jose Zambrano Drayer seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He claims that the Government's decision to deny him a bond hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment. (Doc. 1 at 8-10.) As for relief, he seeks immediate release if the Government fails to provide him a constitutionally adequate bond hearing. (*Id.* at 11.)

Since filing the petition, Drayer was scheduled for a bond hearing before an immigration judge. But his attorney withdrew the request. (Doc. 7-1.) Still, Drayer argues that he's entitled to a bond hearing under a California case that certified a class action of aliens who are in immigration detention

and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Drayer filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1 at 10-11.) The Government has since afforded Drayer the very opportunity to contest his detention that he asked this Court to provide. Drayer simply chose to abandon that opportunity when, through his counsel, he withdrew the request for that exact relief. A petitioner cannot demand a hearing, receive a date for that hearing, walk away from it, and then ask a federal court to intervene because he has not had one. Because the underlying claims in his petition are now fully extinguished, his challenge to his initial, physical detention is moot.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to enter judgment, terminate any pending motions, and **CLOSE** this case.

**ORDERED** in Fort Myers, Florida on May 13, 2026.

Kyle C. Dudek
United States District Judge