UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO JOSE ZAMBRANO
DRAYER,

       Petitioner,

      v.

Case No. 2:26-cv-1250-KCD-NPM

SECRETARY MARKWAYNE
MULLIN, ACTING DIRECTOR
TODD M. LYONS, TODD
BLANCHE, WARDEN  GLADES
COUNTY DETENTION CENTER,

       Respondents,

                            /

## ORDER

Several months ago, the Court entered an order dismissing Petitioner Antonio Jose Zambrano Drayer's habeas corpus petition and directing the clerk to close the case. (Doc. 9.)[1] Drayer has now returned with an emergency motion for immediate release. (Doc. 11.)

There are several problems. For starters, a federal court's power is not a revolving door that stays spinning whenever a party has a new factual update. Once a final judgment is entered and the case is closed, as here, a district court's jurisdiction generally ends. *See Gov't Emps. Ins. Co. v. Marquez*, No. 1:22-CV-20617-KMM, 2025 WL 1294963, at *1 (S.D. Fla. Feb.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

3, 2025) ("Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction."). Because Drayer fails to identify any jurisdictional hook to revive this terminated action, the Court cannot entertain his new request. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

Equally preclusive are the merits. Drayer's motion is entirely silent on what legal basis would entitle him to release. And for good reason: his current complaints belong in a new lawsuit. His original petition targeted a single, straightforward grievance—the *absence* of a bond hearing. (Doc. 1 at 11.) His new motion treats that history as a footnote, shifting focus entirely to the *result* of the hearing he eventually received. (*See* Doc. 11.) If Drayer believes that the administrative denial of his bond request or his continued physical detention violates federal law, the remedy is not to perform legal alchemy on a closed case. The correct path is to file a fresh petition for a writ of habeas corpus under 28 U.S.C. § 2241, setting forth these new allegations on a clean slate. This Court cannot grant relief on claims that have never been properly pleaded, in a case that has already been laid to rest.

For these reasons, Drayer's Motion for Immediate Release (Doc. 11) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 15, 2026.

Kyle C. Dudek
United States District Judge

3